**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 19-3137-01-CR-S-SRB |
| LAVELL E. HALE, | |
| **Defendant.** | |

### MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute heroin and fentanyl in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking offense, among other crimes;
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

### SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the

community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible.  In this case, the defendant is charged with conspiracy to distribute heroin and fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C), a crime for which a term of not more than 20 years in prison is possible.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).  Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring.  *See Apker*, 964 F.2d at 744.

Prior to the charges alleged in the indictment, on November 4, 2017, Hale pointed a firearm at his daughter's mother's boyfriend when told that he could not see his daughter.  Included in the indictment, on February 14, 2018, Hale and his brothers were stopped with firearms and cash.  One of the firearms was near Hale in the vehicle.  Hale admitted to holding the firearm in the past.  A search of Hale's brother's cell phone showed conversations between the two where they appeared to be using coded language to talk about drug sales.

On October 10, 2018, Hale sold fentanyl to an individual who overdosed while driving, wrecked into a parked car, and had to be administered Narcan to recover.  On February 28, 2019,

a warrant was executed at Hale's home where police found 4.4 grams of fentanyl and a firearm in a drawer with paperwork belonging to Hale.  Before the execution of the warrant, officers saw Hale conducting what appeared to be drug deals.  During the warrant, they found approximately $7,165 in U.S. currency in the vehicle he had been driving and Hale admitted he was collecting money for drug debts earlier.  On March 29, 2019, Hale was arrested on an active warrant and had a firearm in the glovebox of the vehicle he was driving (he also had a passenger who was the vehicle owner).  Hale admitted he was carrying the firearm for protection.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Josephine L. Stockard*
Josephine L. Stockard, MO Bar #63956
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on October 18, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Josephine L. Stockard*
Josephine L. Stockard
Assistant United States Attorney